## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

James Martin and            :
Willie Randy Martin,          :
                            :
        Plaintiffs,       :
                            :     CIVIL ACTION NO.
      v.                   :     1:09-cv-03410-JOF
                            :
Citimortgage, Inc.,          :
                            :
        Defendant.      :

## OPINION & ORDER

This matter is before the court on Plaintiffs' motion to remand [5].

Plaintiffs, James and Willie Randy Martin, filed the present case on November 5, 2009 in Fulton County State Court. Defendant CitiMortgage, Inc. removed the case to this court in December of 2009 on the basis of federal question jurisdiction. Plaintiffs' complaint alleges four causes of action, which Plaintiffs entitled "Breach of Contract," "Fraud," "Breach of Fiduciary Duty," and "RESPA."[1] The complaint alleges that Plaintiffs owned two condominiums in Statesboro, Georgia. Plaintiffs signed a security deed with AHM Mortgage for funding. In July of 2006, Defendant began servicing the loan. Plaintiffs claim that they paid their loan payments on time and in full. Defendant was required to pay the

---

[1] RESPA is the federal Real Estate Settlement Procedures Act. *See* 12 U.S.C. § 2601 *et seq.*

taxes on the condos, but Plaintiffs assert that Defendant paid taxes on the wrong property. Plaintiffs informed Defendant of the mistake, and Defendant told them it was taking care of the problem. However, as a result of nonpayment of the taxes, Plaintiffs' condos were ultimately sold pursuant to a tax sale.

After their condos were sold, Plaintiffs sued Defendant. In Count I ("Breach of Contract"), Plaintiffs allege that they and Defendant's assignor entered into a mortgage contract, and, under that contract, Defendant had a duty to pay the property taxes for the condos in a timely manner. Defendant did not and, therefore, Defendant breached the contract. In Count II ("Fraud"), Plaintiffs allege that Defendant made fraudulent misrepresentations when it repeatedly told Plaintiffs it was taking care of the tax problem but did not. Plaintiffs relied on those misrepresentations and were damaged when the property was sold at a tax sale. In Count III ("Breach of Fiduciary Duty"), Plaintiffs also allege that Defendant breached its fiduciary duty by not paying the taxes and by representing to Plaintiffs that the taxes had been paid.[2] Finally, in Count IV ("RESPA"), Plaintiffs allege that the relevant mortgage loan is federally related and required Plaintiffs to make payments to Defendant for deposit into an escrow account for the purpose of assuring payment of property taxes. Plaintiffs then state that Defendant did not make payments from the escrow account for such taxes in a timely manner, and Plaintiffs were damaged as a result. Plaintiffs

---

[2] Plaintiffs allege that Defendant had a fiduciary duty to Plaintiffs pursuant to (1) the mortgage contract, (2) RESPA, and/or (3) as its position as Plaintiffs' agent.

2

allege that "[b]ecause of Defendant's failure to comply with 12 U.S.C. § 2605(g), Plaintiffs are entitled to actual damages, any additional damages as the court may allow, all costs of this action and attorneys' fees." Complaint, at ¶ 44.

Defendant removed this action on the basis of federal question jurisdiction, asserting that the court has jurisdiction because Plaintiffs assert a cause of action under RESPA. Plaintiffs filed the present motion to remand arguing that Plaintiffs' claims rely primarily on state law, and the claims for violation of RESPA form only part of the basis for one cause of action. Plaintiffs argue that the count they entitled RESPA is actually a breach of contract claim, and therefore a state law claim. Plaintiffs contend that

> Although Count IV of the Complaint is entitled "RESPA", it is actually a Breach of Contract claim, and therefore is a state claim. In Count IV, Plaintiffs assert that they were injured as a result of Defendant's failure to meet its obligations under the subject mortgage contract. In addition to the duty imposed by the contract, RESPA imposes a statutory duty on the Defendant to meet its obligations in a timely manner.

Docket Entry [5-2], at 7. Plaintiffs further contend that "RESPA is not an essential element of Count IV because Plaintiffs can win on that Count based solely on their claim that Defendant did not honor the terms of the mortgage contract, a state-law claim." Docket Entry [5-2], at 8. Therefore, removal by Defendant was improper.

Defendant, in return, argues that the removal was proper because Plaintiffs have clearly alleged a federal cause of action. Even though Plaintiffs now claim that the count they entitled "RESPA" is actually a breach of contract claim, Defendant argues it is plainly

3

not for several reasons. Plaintiffs labeled the claim "RESPA," allege that Defendant failed to comply with RESPA, request damages because of the violation of RESPA, and the count mirrors the language found in RESPA. Moreover, Plaintiffs already have one count for breach of contract for failure to pay the taxes, and they have failed to explain why or how they can allege two breach of contract claims arising from the exact same alleged inaction by Defendant. Finally, Plaintiffs, as the masters of their complaint, cannot now attempt to avoid federal litigation when they "affirmatively opted to include RESPA" in their complaint. Docket Entry [7], at 2.

A defendant can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. *See also Kemp Int'l Bus. Machs. Corp.*, 109 F.3d 708, 711 (11th Cir. 1997). This court has original jurisdiction over all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendants have the burden of showing that remand was proper. *Fowler v. Safeco Ins. Co. of America*, 915 F.2d 616, 617 (11th Cir. 1990). Generally, the determination of whether a case arises under federal law is made by examining the face of a plaintiff's well-pleaded complaint. *Kemp*, 109 F.3d at 712. Plaintiffs can avoid the exercise of federal jurisdiction by relying only on state law. *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004). However, even if the complaint does not assert a federal cause of action, a case may be removed where federal law preempts the state claims or

4

where a substantial federal question is raised by the plaintiff's state law claims. *Id*. In their brief, Plaintiffs acknowledge that this court does have jurisdiction over RESPA claims. Therefore, the issue here is whether Count IV of Plaintiffs' complaint alleges a claim under RESPA or a state law breach of contract claim instead.

From the face of the complaint, it appears to the court that Plaintiffs are alleging a cause of action under RESPA, rather than a breach of contract claim.[3] Here, Plaintiffs labeled one of their distinct causes of action "RESPA" and under the same count, contend that they are entitled to damages "because" Defendant failed to comply with 12 U.S.C. § 2605(g). Although unclear to the court, Plaintiffs seem to be arguing that despite all of the above, RESPA is only "part of the basis for one cause of action," and that somehow RESPA imposes an additional duty on Defendant, and Defendant's failure to comply with that duty breaches the mortgage loan contract. However, Plaintiffs already alleged a breach of contract for failure to pay the taxes and also a breach of fiduciary duty allegedly imposed

---

[3] RESPA provides for a private cause of action for borrowers against one who violates § 2605. *See* 12 U.S.C. § 2605(f). *See also Collings v. FMHA-USDA*, 105 F.3d 1366, 1367 (11 th Cir. 1997) (recognizing that "several . . . provisions of RESPA still explicitly provide private civil remedies," including § 2605(f)). Plaintiffs allege that Defendant violated § 2605(g), which states, "If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due."

on Defendant by RESPA. Even if it were logical to construe Count IV as a breach of contract claim, the court is unclear how Count IV would be any different from the breach of contract claim already alleged, as Plaintiffs would then have two counts alleging failure to pay the taxes in a timely manner. Furthermore, Plaintiffs request damages in Count IV because of Defendant's violation of § 2605(g), and the court cannot see how Plaintiffs could win on this claim without proving such a violation. On its face, Count IV alleges a violation of 12 U.S.C. § 2605 and requests damages stemming from that violation. The court DENIES Plaintiffs' motion to remand.

      **IT IS SO ORDERED** this 3rd day of May 2010.


                     /s   J. Owen Forrester
                     J. OWEN FORRESTER
           SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)